# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLAN LaCAFFINIE,** | CIVIL ACTION NO. 10-207 |
| Plaintiff, | JUDGE JOY FLOWERS CONTI |
| v. | |
| **THE STANDARD FIRE INSURANCE CO.,** | |
| Defendant. | |

ORDER

On July 29, 2009, plaintiff Allan LaCaffinie ("LaCaffinie" or "plaintiff") brought a class action against defendant The Standard Insurance Co. ("defendant") in the Fayette County Court of Common Pleas asserting two claims. Count I asserted as state law assumpsit claim, alleging that defendant charged him for stacked uninsured motorist and underinsured motorist coverage on a motor vehicle insurance policy, but the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 PA. CONS. STAT. §§ 1701 et seq., prohibited stacking. Count II asserted a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 PA. CONS. STAT. §§ 201-2 et seq. (Civil Action No. 09-1214, Docket No. 1, Ex. 1.) On September 8, 2009, defendant removed the case to this court, and the action was docketed at Civil Action No. 09-1214. (Civil Action No. 09-1214, Docket No. 1.) Three days later, plaintiff filed a petition for remand. (Civil Action No. 09-1214, Docket No. 6.) On September 29, 2009, the parties entered a stipulation. The stipulation provided that:

1

> 1. The amount in controversy claimed by the plaintiff in Count I of the complaint in this matter does not exceed $240, exclusive of interest and costs.
>
> 2. The amount in controversy claimed by the plaintiff in Count II of the complaint in this matter does not exceed $1,000, exclusive of interest and costs.
>
> 3. The amount in controversy claimed by the plaintiff as to the proposed class in the complaint in this matter does not exceed $5,000,000, exclusive of interest and costs.
>
> 4. In view of the above, the parties agree to remand this case to the Court of Common Pleas of Fayette County.

(Civil Action No. 09-1214, Docket No. 9 ¶¶ 1-4.) Based upon the parties' stipulation, the next day the court entered an order remanding the case to the Court of Common Pleas of Fayette County. (Civil Action No. 09-1214, Docket No. 10.)

On February 16, 2010, defendant again filed a notice of removal. (Civil Action No. 10-207, Docket No. 1) The action was this time docketed at Civil Action No. 10-207. (Id.) On February 24, 2010, plaintiff filed a petition to remand to state court. (Docket No. 7.) On March 15, 2010, defendant filed a brief in opposition to the petition. (Docket No. 11.) On April 26, 2010, plaintiff filed a brief in support of the petition. (Docket No. 21.) On May 25, 2010, the court heard argument with respect to the petition to remand.

Plaintiff moves for remand pursuant to 28 U.S.C. 1447(c), which provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

Upon a motion to remand, the defendant has the burden to establish the propriety of removal and all doubts must be resolved in favor of remand. Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

In LaCaffinie's petition for remand, LaCaffinie emphasizes that defendant previously tried to remove this case to federal court on the basis that the damages for the class exceeded $5,000,000, which is the threshold under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A). The parties jointly stipulated, however, that the amount in controversy did not exceed $5,000,000, prompting this court to remand the case back to state court. LaCaffinie argues that the second removal of this action from the Fayette County Court of Common Pleas was not proper because the removal was not timely.

Plaintiff argues the removal was untimely under 28 U.S.C. § 1446(b). That section provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

3

28 U.S.C. § 1446(b).  Plaintiff argues the action was not removed within thirty days of the service of the initial pleading, and there was no "amended pleading, motion, order or other paper" that later demonstrated the case was removable.

Defendant argues that plaintiff's "first set of interrogatories and request for production of documents" (Docket No. 11, Ex. B) qualifies as an "other paper" that led to the determination of CAFA federal jurisdiction.  Defendant argues that the term "other paper" as used in § 1446(b) should be interpreted broadly.  See Bishop v. Sam's East, Inc., No. 08-4550, 2009 WL 1795316, at *4 (E.D. Pa. June 23, 2009).  On September 1, 2009, plaintiff served the first set of interrogatories on defendant, and plaintiff sent a letter renewing those interrogatories on January 25, 2010.  (Docket No. 11, Exs. B, D.)  The request required defendant to calculate the number of policies within the putative class.  Defendant argues that its thirty-day period began to run from the date it ascertained the number of policies, which was on January 29, 2010.

A defendant must remove a complaint within thirty days of initially receiving a complaint, if the defendant could have reasonably discovered the grounds for removal at that point:

> The statute specifies that the supplementary 30-day period for filing a notice of removal, set out in the second paragraph of Section 1446(b), is available only when "it may be first ascertained that the case is one which is or has become removable." Thus, an amendment of the complaint often will not revive the period for removal if the state court case previously was removable but the defendant failed to exercise his right to remove. The result will be the same when any other change occurs or any other paper is interposed that shows a ground for removal that previously was palpable but was not invoked by the defendant. A number of courts have gone further and have declined to reactivate the removal period when the defendant could have ascertained a case's removability by exercising some diligence or, as some district courts have pointedly indicated, when removability was

"intelligently ascertainable." In making this determination, most federal courts will review the facts available to the defendant at the outset of the action.

14C CHARLES A. WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 3731 at 562-67 (4th ed. 2009).

In Mielke v. Allstate Ins. Co., 472 F. Supp. 851 (E.D. Mich 1979), the court did not permit the defendant to remove the case because the grounds for removal were ascertainable at the time of the original complaint, based upon the allegations and the defendant's knowledge:

> *When the defendant should clearly ascertain from the circumstances and the original complaint that the case is removable, the defendant must remove, if at all, within 30 days of receipt of that complaint*. Lee v. Altamil Corporation, 457 F.Supp. 979 (M.D.Fla.1978). The only time extension allowed by § 1446(b) is for cases where removability cannot be ascertained until the defendant receives subsequent information from the plaintiff. Some courts construe this to mean that the elements of removability must be specifically indicated in official papers before the statutory period begins to run. Jong v. General Motors Corporation, 359 F.Supp. 223 (N.D.Cal.1973); Bonnell v. Seaboard A. L. R. Co., 202 F.Supp. 53 (D.C.Fla.1962). These cases suggest a policy that does not require a defendant to speculate about jurisdictional elements on pain of losing his right to remove. However, *in diversity cases that can best be handled in state court, there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint*. To permit removal in this case would circumvent the purpose of § 1446(b) which is to limit the time for removal except where the defendant cannot be sure that the case is removable.

Id. at 853 (emphasis added).

In Town of Ogden Dunes v. Siwinski, No. 2:08-CV-78, 2008 WL 1804104, at *1 (N.D. Ind. Apr. 17, 2008), Odgen Dunes sued the Siwinskis for violating a zoning ordinance that prevented the leasing of property for a term of less than thirty days. The ordinance authorized a fine of up to $2,500 per violation per each day of the violation. Id. The Siwinskis did not

immediately remove the case to federal court. Instead, they removed sometime after Ogden Dunes failed to respond to requests for admission and answered a set of interrogatories. Id. at *2. The issue was whether the Siwinskis should have removed the case upon receiving the "initial pleading," i.e., the complaint. The court held:

> The calculation made from the allegations of the complaint in [Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir.2005)] is very similar to the one the Siwinskis could have performed immediately after receiving the Ogden Dunes Complaint. Like the defendant in Brill, the Siwinskis were faced with a penalty for repeated violations of the same statute. Also like Brill, the Siwinskis had the information at their disposal to know how many violations were encompassed by the complaint, or at least whether there were enough violations to reach the jurisdictional minimum amount. In the Siwinskis' case, they were independently aware of how many days they rented their property in possible violation of the ordinance. "*When the defendant has vital knowledge the plaintiff may lack, a burden that induces the removing party to come forward with the information–so that the choice between state and federal court may be made accurately–is much to be desired.*" Brill, 427 F.3d at 447-48. The Siwinskis do not dispute the fact, stated in Ogden Dunes' Motion to Remand, that their own rental schedules, produced in discovery, reveal there were at least fifty (50) days in which the property was rented between June 18, 2007 and the time of the Complaint. The Siwinskis did not need anything more than this information, along with the allegations of the Complaint, to demonstrate the necessary amount in controversy. The matter was therefore removable immediately after the receipt of the initial pleading, and the thirty-day clock started on this date as well.

Id. at *4 (emphasis added).

The information from which defendant determined the total number of policies and roughly calculated the total amount in controversy was in its possession at the time the complaint was filed, albeit some diligence and effort was required to locate the information. This information was not in plaintiff's possession. Defendant failed to make the calculation until January 2010 – approximately four months after the set of interrogatories requesting the

6

information was served on defendant.  Defendant did not obtain the information and perform such a calculation prior to the first removal of this case to federal court or prior to entering into a stipulation that the amounts in controversy do not meet the jurisdictional thresholds.

In light of the totality of the circumstances and considering that all doubts must be resolved in favor of remand, it is **HEREBY ORDERED** that LaCaffinie's petition for remand (Docket No. 7) is **GRANTED** without prejudice to defendant's ability to remove the case to federal court in the event that it is determined that the parties' stipulation (Civil Action No. 09-1214, Docket No. 9) is not binding on the parties.  The above-captioned case is **REMANDED** to the Court of Common Pleas of Fayette County, Pennsylvania, **FORTHWITH**.  The Clerk of Court shall mark this case closed.

By the court,

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Dated: May 28, 2010